### FENNER *vs.* BETTNER.

One of several defendants may bring error and assign *infancy* as error in fact, but the writ may be quashed at any time *before joinder in error;* the court, however, may permit the suit to proceed on the steps prescribed by statute being taken to procure a severance of parties. Practice in such cases.

It is too late to set aside an *assignment of errors* after *laches* on the part of the defendant in error.

A JUDGMENT having been obtained in the superior court of the city of New-York by Bettner against E. Fenner and three others, E. Fenner *alone* brought error. He assigned infancy for error, Oct. 4, 1839, a copy of the assignment being served the same day on the attorney for the defendant in error. On the 24th of October, the time for joining in error was extended by mutual consent of the attorneys of Fenner and Bettner; and the attorney of the latter afterwards obtained an order to stay proceedings, and moved to compel E. Fenner to discontinue, on receiving a release. That motion being denied in *February* last, a motion was now made that the *assignment of errors be set aside, &c.* or for such other rule, &c. The notice of bringing the writ of error was entitled in the cause in the court below, naming all four of the defendants below, but was signed by the attorney of E. Fenner only, as for him.

The plaintiff in error now made an affidavit that he had applied to one of the defendants below to join him in prosecuting the writ of error, which that defendant declined to do; and that the consent of the other two defendants below could not be obtained, because they were absent from the state. It was also objected that this motion came too late.

*By the Court,* COWEN, J. If the assignment of errors was irregular as being variant from the writ, it is now perhaps too late to raise the objection. The motion might have been made at the December motion term. Several

other like terms have intervened, and steps have been taken in the cause by the attorney for the defendant in error, with full knowledge of the supposed irregularity.

But the assignment was not irregular. The plaintiff in error had a right to prosecute the writ as he has done in his own right, naming all the defendants, for the purpose of identifying the record ; and on the return of the writ, to proceed alone by severance, pursuant to the 2 *R. S.* 491, 2*d ed.*, § 7 to § 14 inclusive. Coming thus on his sole complaint and in his own name, he may, for aught I see, assign errors in the same form before severance. Indeed, section 7 supposes this to be so. It declares, that if the parties entitled to bring error be not all joined, the writ shall be quashed *at at any time before joinder,* unless one or more be allowed to proceed separately ; and the motion to quash, by § 8 and 9, may be answered by showing that they have refused to join on being applied to, or that their consent could not be obtained by reason of their absence from the state. Here one (Benjamin Fenner) has refused, and two, David Rogers and Samuel D. Rogers, are absent, as appears by the affidavit of E. Fenner.

A rule must therefore be entered pursuant to section 10, directing Benj. Fenner to appear on the first day of the next August special term, and then join in the writ, or be forever precluded from bringing another writ of error. In the meantime, let all proceedings be stayed. § 9.

As to David and Samuel D. Rogers, the affidavit of E. Fenner is general, and perhaps ought not to conclude either them or the defendant in error. Therefore, let the latter shew cause on the same day of August term why the plaintiff in error should not be allowed to prosecute without them pursuant to § 8.

Rule accordingly.